## THOMPSON *v.* PAIGE & O'NEAL.

Plaintiff sues for damages in levying on fruit trees shipped by him to W., and landed to W.'s order on the wharf at Stockton, claiming that the trees were not paid for, and not subject to W.'s debts, for want of delivery, and asked, on the trial, this instruction : " That a man who is insolvent for the want of means to pay his debts in this State, is in law insolvent, without reference to any property in another State :" *Held*, that the proposition is too broadly asserted, even if there were any proof on which it could rest—but in this case there is no proof of the insolvency of W.

Plaintiff also asked this instruction : " That a delivery at the wharf is not sufficient, unless notice be previously given to the vendee of their arrival, and that sufficient time be allowed to enable him to receive and remove them :" *Held*, that this proposition is not strictly correct ; that if the trees bargained for were put out on the wharf, marked for W., with the intention of his taking them, and if this were done by his order, they would vest in him, especially if he was

Thompson *v.* Paige.

willing to consider this a good delivery; that there is in the testimony here, no predicate laid for the doctrine of stoppage *in transitu,* or that plaintiff claimed the right to stop the trees.

Where a party asks an abstract proposition of law, by way of instruction to a jury, he takes the risk of its being correct in all its parts.

As to new trial because of an incompetent juror, see facts.

APPEAL from the Fifth District.

The facts as to the shipment of the trees are these. In the latter part of December, 1857, or first part of January, 1858, Webster, who lives at or near Stockton, called at the nursery of plaintiff in Napa county, and examined his stock of trees, stating that he would probably order some. In a few days he did send an order from Stockton to plaintiff for trees. Plaintiff, not having the kind of trees ordered, did not fill the order, and Webster procured them from plaintiff's nursery in San Francisco, on another order. Subsequently, about January 6th, 1858, plaintiff, having trees he thought would suit Webster, shipped two bundles, marked " George Webster," from Napa to Stockton. The trees were landed on the morning of January 11th, 1858, and were levied on by defendant O'Neal as Sheriff, under an attachment in suit of *Paige* v. *Webster.* Webster testified that he did not order these trees, did not own them, and knew nothing of their arrival at Stockton until served with the attachment papers in the above suit, in the afternoon of said January 11th; that he had bought other trees previously of plaintiff, which had been shipped to him, marked as these were, and had been received by him. For other facts, or rather want of facts, see opinion.

As to the juror the facts are, that on motion for new trial, plaintiff's attorney made affidavit—his client being out of the district—that, since the trial, he had discovered one of the jurors, Melville, to be incompetent, because a resident of the State only three months. Melville also made affidavit as to his being a resident of the State for that time only.

Verdict and judgment for defendants. Plaintiff appeals.

*Otis L. Bridges,* for Appellant, cited Chitty on Cont. 432–5; 12 Pick. 313; Ham. 98; 3 Shepl. 314; *Crawshay* v. *Eades,* 1 Barn. & Cress. 184.

*Hall & Huggins,* for Respondents.

BALDWIN, J. delivered the opinion of the Court— COPE, J. and FIELD, C. J. concurring.

This was an action for damages brought against defendants, one of whom was Sheriff, for levying on certain fruit trees shipped by plaintiff to one Webster, and landed to his order on the wharf at Stockton. It was claimed by the plaintiff that these trees were sent to Webster, who had not paid for them, and that they were not subject to his debts for want of delivery.

But two instructions offered at the instance of the plaintiff were refused and excepted to. Both are abstract propositions, and not strictly correct as offered. 1. We see no evidence in respect to the insolvency of Webster, and the proposition is too broadly asserted, if there was any proof upon which it could rest. 2. The other (the 4th) is in these words: "That a delivery at the wharf is not sufficient, unless notice *be previously* given to the vendee of *their arrival, and that sufficient time be allowed to enable him to receive and remove them.*" If the goods bargained for were put out on the wharf marked for Webster, and with the intention of Webster's taking them, and if this were done by his order, this would be sufficient to vest the property in Webster, especially if Webster was willing to consider this a good delivery. But where a party asks an abstract proposition, he must take the risk of its being correct in all its parts. We see no predicate laid in the testimony for the application of the doctrine of stoppage *in transitu,* or that the plaintiff claimed the right to stop the goods.

There is nothing in the point as to the juror.

Judgment affirmed.